OPINION
Defendant Elizabeth Miller appeals a judgment of the Municipal Court of Ashland County, Ohio, convicting and sentencing her for two counts of disorderly conduct in violation of R.C. 2917. 11, after a bench trial. Appellant had original been charged with disorderly conduct, resisting arrest, and failure to comply with a police officer, but the State amended the complaint against appellant prior to trial. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR ONE
 THE COURT BELOW ERRED BY DENYING ELIZABETH MILLER ADEQUATE ASSISTANCE OF COUNSEL BY SCHEDULING A TRIAL SIXTEEN DAYS FROM THE DATE FROM WHICH SHE WAS NOTIFIED THAT IT WAS NECESSARY TO RETAIN COUNSEL.
ASSIGNMENT OF ERROR TWO
 THE COURT BELOW ERRED AS A MATTER OF LAW BY ADMITTING A VIDEO TAPED DEPOSITION OF WITNESS STEVEN NUSSBAUM WITHOUT A PROPER EXCEPTION TO THE HEARSAY RULE EXCLUDING HEARSAY FROM THE COURT AND WHERE COUNSEL HAD NO OPPORTUNITY TO CROSS-EXAMINE THE WITNESS.
ASSIGNMENT OF ERROR THREE
 THE COURT ERRED AS MATTER OF LAW BY FINDING DEFENDANT GUILTY OF DISORDERLY CONDUCT WHEN DEFENDANT WAS BEING INVOLUNTARILY AND ILLEGALLY DETAINED AGAINST HER WILL AND INVOLUNTARILY AND ILLEGALLY SUBMITTED TO TESTS AND WHEN SHE ENGAGED IN NO TURBULENT BEHAVIOR BUT TO "STORM OUT."
ASSIGNMENT OF ERROR FOUR
 DRIVING AWAY FROM POLICE OFFICERS WITHOUT TURBULENT BEHAVIOR DOES NOT CONSTITUTE DISORDERLY CONDUCT AS A MATTER OF LAW AND THE COURT BELOW ERRED AS A MATTER OF LAW WHEN THE SOLE EVIDENCE BEFORE IT WAS THAT DEFENDANT PEACEABLY DROVE HER TRUCK AWAY FROM OFFICERS WHO HAD NOT ARRESTED HER OR IN THE ALTERNATIVE, ABUSED ITS DISCRETION BY FINDING THAT DEFENDANT DID ENGAGE IN TURBULENT BEHAVIOR BASED UPON THE RECORD BELOW.
ASSIGNMENT OF ERROR FIVE
 THE COURT ERRED AS A MATTER OF LAW BY ADMITTING EVIDENCE OF CONDUCT OF THE DEFENDANT THAT WAS THE NATURAL RESULT OF POLICE ACTION THAT WAS TAKEN WITHOUT PROBABLE CAUSE AND WAS IMPROPER POLICE CONDUCT, AND WAS THE FRUIT OF THE POISONED TREE.
The record indicates appellant was arrested after an incident which began in the emergency room of Ashland Samaritan Hospital and progressed to the streets of the City of Ashland.
 I
Appellant first argues she received the ineffective assistance of counsel. Appellant experienced difficulty in locating counsel to represent her in the trial court. It appears appellant secured counsel about sixteen days prior to trial. Appellant alleges her trial counsel failed to interview all eleven persons listed as witnesses on the prosecution's list, and failed to attend the deposition for the chief complaining witness, Dr. Steve Nussbaum. In Strickland v. Washington (1984),466 U.S. 668, the Supreme Court held, in order to demonstrate an accused has not received the effective assistance of counsel, the accused must show both counsel's representation fell below an objective standard of essential presentation, and also the accused was prejudiced by counsel's performance, such that the reliability and fairness of the trial is called into question. Ohio utilizes theStrickland test, see State v. Bradley (1989), 42 Ohio St.3d 136.
Appellant alleges the sixteen days which elapsed between the time she located counsel and the trial was inadequate for trial counsel to familiarize himself with the facts of the case. Appellant asserts counsel did not interview the persons named on the State's list of potential witnesses, did not attend the deposition of Dr. Steven Nussbaum, one of the State's primary witnesses, and did not move the court to exclude Dr. Nussbaum `s deposition from evidence.
The record in this case comprises three volumes of transcript, including over 170 pages of transcription from the trial, 59 pages of transcription from Dr. Nussbaum's deposition, and 309 pages of a document captioned United States Department of Justice filed June 26, 1997, apparently by appellant. We have reviewed the record, and it appears appellant's counsel moved the court for a continuance, and the court overruled the motion both on the basis it was untimely filed, and also upon the prosecution's representation the State would not call all eleven persons listed in discovery. Thereafter, counsel very ably represented appellant at trial, making objections and cross examining the State's witnesses in a manner which demonstrated his familiarity with the case.
Counsel's failure to move to exclude Dr. Nussbaum's deposition from trial is not an omission which constitutes ineffective assistance of counsel, because we find, see, II,infra, the deposition was properly admitted. Therefore, appellant cannot show prejudice from counsel's omission.
Pursuant to our review of the record, we find appellant's trial counsel was effective, and accordingly, the first assignment of error is overruled.
 II
In her second assignment of error, appellant argues the video-taped deposition of Dr. Steven Nussbaum was inadmissible hearsay, and also should have been excluded because defense counsel had not the opportunity to cross-examine.
The record indicates the State anticipated Dr. Nussbaum would be unavailable as a witness at trial, and properly moved the court to preserve his testimony by means of a video-taped deposition. The deposition was held prior to appellant's retention of trial counsel. However, appellant thoroughly cross-examined the witnesspro se.
We find the deposition was not hearsay, and was properly admitted by the court. We reject appellant's claim that her right to confront the witness was violated, because the record clearly demonstrates appellant herself confronted the doctor during the deposition. In fact, of the 59 pages comprising the transcript of the taped deposition, all but approximately 16 of the pages are appellant's cross-examination.
The second assignment of error is overruled.
 III, IV, and V
In her last three assignments of error, appellant argues the court's judgment was contrary to law because her behavior was within her constitutionally protected rights, while the police violated her rights by means of illegal arrest or detention.
In the recent case of State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explored the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if a judgment if sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, because weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of issue, Thompkins at 387, citations deleted.
Our review of the record leads us to conclude the court's judgment was not contrary to law nor was it against the manifest weight of the evidence.
Assignments of error III, IV, and V are overruled in whole.
For the foregoing, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.